THE PRESIDENT MONROE.

H. A. ASTLETT & COMPANY, Plaintiff, *v.* DOLLAR STEAMSHIP LINES, INC., LTD., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, September 24, 1935.

*John J. Heckman,* for the plaintiff.

*Kirlin, Campbell, Hickox, Keating & McGrann* [*Michael F. Whalen* of counsel], for the defendant.

WINTER, J.   In reserving my decision on the motion made at the end of plaintiff's case, I did so for the purpose of permitting the plaintiff an opportunity to fill out from the defendant's case what I believed were gaps in plaintiff's case.   Defendant having rested at the conclusion of plaintiff's case, it becomes necessary for me, which I do reluctantly, to decide this case on the status of the case as it remained on the original motion.

Plaintiff has sued the defendant to recover damages for defendant's alleged miscarriage of a quantity of bales of rubber transported from Singapore to New York.   The condition of the bales came within the exceptions in the contract of carriage.   The damage being caused by compression, plaintiff, therefore, could recover only upon such negligence in stowing and in transporting the shipment of rubber as the record shows was the competent producing cause of the condition of the bales upon their arrival in New York. The only testimony that appears in this record as to that is the opinion given by Mr. Courtney, an expert called by plaint ff, that the competent producing cause of the injury which he found upon his examination of the bales might have been an overloading or superincumbence of an excessive weight upon the bales.   True, this expert testified in words that the competent producing cause was an overloading, but that can only be construed as " might have been," because the testimony shows that there could have been other competent producing causes.

This expert is in precisely the same position as any other expert witness, such as a doctor in a personal injury suit, who is permitted to testify to the competent producing cause when there are facts already in evidence upon which he may base his opinion.   But no such facts existed in this case.

There is not the slightest scintilla of testimony to show what weight was superincumbent upon these bales of rubber, or any testimony showing the degree of weight that was superincumbent upon the bales, or whether there were six tiers of rubber or thirty tiers of rubber.

The only evidence before the court is that there were some cashew nuts, some preserves, and some canned tomatoes, the weight of which may have ranged from a few pounds to a million.

It is also doubtful to me (but I am not passing on this question now) that the plaintiff has brought itself within the clause of the contract appearing in article VI providing that suit must be brought within ninety days after serving a notice of claim upon the defendant.

The letter from plaintiff to defendant asking for a survey and expressing an intention to file a claim in my opinion is not an assertion of a claim but only an expression of intention dependent upon an outcome of a survey.

I am also of the opinion that the ninety-day period of limitation commences according to the contract from the date of the filing of the letter. Even if the letter could be construed as a filing of a claim, still the action was not brought within a ninety-day period from the date of the letter.

The contract has stamped on it the legend that the contract is subject to the Straits Settlement Act. By stipulation of the parties, that act contains a clause providing substantially that in a situation similar to this the limitation (time within which plaintiff is limited to bring suit) is one year. In other words, according to the laws of the Straits Settlement the statute of limitations is made one year instead of three as provided by the laws of the State of New York.

In my opinion, this indorsement on the contract merely makes the bill of lading to be construed according to the laws of the Straits Settlement instead of the laws of the State of New York under which it otherwise would be construed. There accordingly appears a conflict in the contract between the private limitations set by the parties and the statute of limitations fixed by the Straits Settlement.

There is no evidence in this case as to the laws of the Straits Settlement in regard to the power of contracting parties to agree upon a limitation of the time within which to sue. In the absence of such proof, the laws of the State of New York would control.

Under the laws of the State of New York, the parties are permitted to make such agreements. It is my opinion, therefore, that this bill of lading herein involved fixes a time by which the parties are bound, unless it is unreasonable. There is, however, no evidence that the ninety-day statute of limitations is unreasonable, and the burden of proof is upon the plaintiffs as to that.

I feel constrained, therefore, to grant the motion to dismiss, and I do so without prejudice.